UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03173-CJC-SSC | Date | July 31, 2023 |
|---|---|---|---|
| Title | Ryant Trimale Pratt v. A. Smith, Warden | | |

#

| Present: The Honorable | Stephanie S. Christensen, U.S. Magistrate Judge |
|---|---|
| Teagan Snyder | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff | Attorneys Present for Defendant |
| None present | None present |

**Proceedings:**  (IN CHAMBERS) **Order to Show Cause re: Dismissal of Petition**

On April 26, 2023, Petitioner Ryant Trimale Pratt filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  (ECF 1.)  Petitioner argues he is being discriminated against because he has been denied parole release under California's Elderly Parole Program.  (*Id.* at 5–6.)

On June 22, 2023, after screening the petition as required by federal procedure, the Court issued an order to show cause why the petition should not be dismissed for failing to state a valid claim for federal habeas relief.  (ECF 8.)  The Court explained that Petitioner may have intended to raise a claim under the Equal Protection Clause of the Fourteenth Amendment, but that Petitioner's argument was too vague to sufficiently state such a claim.  (*Id.* at 2.)

On July 21, 2023, Petitioner filed a response to the Court's order, indicating that he intends to raise an equal protection claim because he is a member of "a certain group of prisoners" who are being denied "all meaningful opportunities for parole release" and, thus, he is being discriminated against.  (ECF 12 at 2–3.)  As explained below, despite identifying his claim as arising under the Equal Protection Clause, Petitioner still has failed to state a valid claim for federal habeas relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03173-CJC-SSC | Date | July 31, 2023 |
|---|---|---|---|
| Title | Ryant Trimale Pratt v. A. Smith, Warden | | |

To state an equal protection claim, Petitioner must show that he was intentionally treated differently from similarly situated prisoners without a rational basis for the difference in treatment, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), or that he was intentionally discriminated against because he is a member of a protected class, *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Here, Petitioner does not allege that he has been treated differently than other similarly situated prisoners. Rather, it seems he alleges that he and other similarly situated prisoners all have been treated equally by being disqualified from parole eligibility. (ECF 12 at 2.) Moreover, Petitioner does not allege that he is a member of a protected class or that he has been intentionally discriminated against because of his membership in that class.

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE no later than August 30, 2023**, why the petition should not be dismissed for Petitioner's failure to state a valid claim for federal habeas relief. **Petitioner is expressly cautioned that the Court will not allow him any additional opportunities to perfect his claim. Petitioner's failure to respond to this Order with sufficient allegations to state a valid equal protection claim will result in a recommendation that the petition be dismissed for failure to state a claim.**

**Petitioner's failure to timely respond to this Order will result in a recommendation that the petition be dismissed for failure to prosecute and/or for failure to comply with the Court's order.**

**IT IS SO ORDERED.**

Initials of Preparer : ts